# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MOUSTAFA EL-BAKLY | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2767 |
| | ) | |
| v. | ) | |
| | ) | |
| AUTOZONE, INC., a Nevada Corp., | ) | Judge Robert M. Dow, Jr. |
| Rob Harris, Juan Gutierrez, and | ) | |
| Chris Ramos, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is set for a jury trial to commence on April 21, 2008. Before the Court are Defendants' Supplemental Motion *in Limine* (DE 119), filed on April 16, 2008, Plaintiff's Response (DE 132), and Defendants' Reply (DE 133), filed on April 18, 2008. In their Supplemental Motion, Defendants request that the Court (i) rule that Plaintiff has waived any intentional infliction of emotional distress or defamation claim against Defendant AutoZone, (ii) bar Plaintiff from introducing evidence or testimony of any wage loss or from recovering back pay or front pay, and (iii) prohibit Plaintiff from calling two witnesses (Jose Jimenez and Juan Charo) to testify at trial. For the reasons stated below, Defendants' motion (DE 119) is granted in part and denied in part.

1.      Defendants first contend that Plaintiff should be deemed to have waived any state law claims for intentional infliction of emotional distress or defamation against Defendant AutoZone because, according to Defendants, Plaintiff failed to list such claims in the Pretrial Order (DE 85), filed with Judge Norgle on October 22, 2007. Plaintiff's First Amended Complaint (DE 7), filed on June 28, 2004, is the operative complaint in this case. In Count IV,

Plaintiff asserted a claim for intentional infliction of emotional distress. Throughout his allegations, Plaintiff referred to "Defendants Juan Gutierrez, Chris Ramos, and Rob Harris." There is no reference to Defendant AutoZone in that Count. Accordingly, the Court concludes that Plaintiff has never asserted an intentional infliction of emotional distress claim against Defendant AutoZone.

However, in Count V of that Complaint, Plaintiff clearly alleged that "Defendant AutoZone is jointly and severally liable for the defamatory statements" of other Defendants. Plaintiff further alleged that "AutoZone ratified and condoned" those statements. The Court is not aware of any attempt by Defendant AutoZone to strike the allegations of Count V or to dismiss itself from Count V, either at the dismissal or summary judgment stage. While all Defendants moved for summary judgment on Count V, Judge Norgle denied Defendants' motion in its entirety.

Defendants are correct that a party may waive a claim if it makes clear at some point in the proceedings, including in the Final Pretrial Order, that it no longer wishes to pursue that claim. In that sense, a Final Pretrial Order may act as a one-way ratchet; it may reduce the claims that previously were asserted, though it may not expand them without leave of Court to file an amended complaint. But Defendants' argument that Plaintiff has manifested some intent to abandon its defamation claim against AutoZone ultimately is unconvincing. In support of the contention that "[t]he joint Pretrial Order does not include any mention of either of these state law claims against AutoZone" (see DE 119 at 3-4), Defendants cite to their own "description of the case" in the Pretrial Order (see DE 85 ¶ (b)(2)). Moreover, Defendants' statement in the Pretrial Order that "Mr. El-Bakly has also sued three AutoZone employees individually for the intentional torts of emotional distress and defamation" does not foreclose the possibility of an

additional claim for defamation against AutoZone. Defendants also acknowledge that "Plaintiff's PreTrial Memorandum mentions a defamation claim against AutoZone."

To be sure, Plaintiff's own statement of the case and proposed jury instructions and verdict forms are less than clear as to precisely what claims Plaintiff continues to assert in this case. That said, the Court cannot find any basis for concluding that Plaintiff has waived the defamation claim against AutoZone that he asserted in the operative complaint, nor has there been any finding that AutoZone is entitled to judgment as a matter of law on that claim. For all of these reasons, the Court concludes that Plaintiff has not asserted an intentional infliction of emotional distress claim against Defendant AutoZone, but Plaintiff has asserted – and has not clearly waived – a defamation claim against AutoZone.

2. Defendants next contend that Plaintiff should not be permitted to offer any testimony or evidence concerning any alleged wage loss and should be barred from recovering any back pay or front pay. Defendants base their challenges to Plaintiff's damages case on Plaintiff's alleged failure to identify his efforts to seek and obtain gainful employment since his discharge from AutoZone in 2004.

According to Defendants, in his 2005 deposition, Plaintiff identified only two concrete entities to which he had applied for employment. Defendants further assert that Plaintiff has not identified any additional efforts to find a job in his written discovery responses, either in his initial interrogatory answers, his supplemental answers in 2005, or in response to a second set of interrogatories issued in October 2007. Plaintiff responds by pointing to the two places identified in his deposition where he asserts that he sought work – "Advance Auto Parts and Albany Community Services" – and stating further that he tendered "Group Exhibit 12" to Defendants in response to their October 2007 interrogatory requests. See also 4/2/08 Pre-Trial

Conference Trans. at 20-21 (Plaintiff's counsel explaining that documents in Group Exhibit 12 were provided in response to Defendants' discovery requests).

Group Exhibit 12 appears to consist of letters from various potential employers, all dated on or before October 31, 2005, acknowledging inquiries from Plaintiff regarding employment opportunities. The Court has previously ruled that the letters contained in Group Exhibit 12 are inadmissible themselves because they are hearsay. See DE 116 at 14. At the same time, the Court stated that Plaintiff could offer his own testimony as to the efforts that he made to obtain employment at the places referenced in those letters; he simply would not have the benefit of any corroboration that the hearsay letters may have provided. See *id*.

The Court concludes that while Plaintiff appears to have a minimal case for alleged wage loss, back pay, or front pay on the basis of the information that he has provided in his deposition and his written discovery responses, there is no basis for barring his claim for damages altogether. However, Plaintiff's evidence of his efforts to obtain employment since his discharge from AutoZone will be limited to what has been previously disclosed to Defendants – that is, the two places of employment identified during Plaintiff's deposition and the places identified in the documents tendered in response to Defendants' Second Set of Interrogatories served in October 2007. Finally, the Court reserves ruling on Defendants' alternative contention that Plaintiff's efforts to obtain alternative employment are insufficient as a matter of law to satisfy Plaintiff's obligation to mitigate his damages. Defendants may renew their contention after Plaintiff has had an opportunity to present his evidence (consistent with the Court's ruling above). Plaintiff is directed to provide any argument or authority that he wishes the Court to consider in response to Defendants' argument that Plaintiff failed to mitigate his damages.

3. Finally, Defendants argue that Plaintiff should be prohibited from calling two witnesses – Jose Jimenez and Juan Charo – to testify at trial, because Defendants contend that Plaintiff has inadequately disclosed under Fed. R. Civ. P. 26 the substance of the knowledge of either individual that would form the basis of his testimony.

Plaintiff has clarified at both pretrial conferences that his case-in-chief consists of, at most, four witnesses. As the Court noted in its April 2, 2008 Order (DE 109), at the first pretrial conference, Plaintiff's counsel identified Plaintiff and three other witnesses for Plaintiff's case-in-chief: Willie Bush, Jose Jimenez, and Daniel Probo. Mr. Bush is a current AutoZone employee; Mr. Jimenez and Mr. Probo are former AutoZone employees and former co-workers of Plaintiff. At the second pretrial conference, Plaintiff's counsel noted that Mr. Probo may not be available and proposed Mr. Charo, an AutoZone customer whom Plaintiff served while he worked at AutoZone, as a substitute witness.

In his initial Rule 26(a)(1) disclosures, Plaintiff listed more than two dozen persons "likely to have discoverable information" in support of Plaintiff's claims. As to many of those persons, Plaintiff's further disclosures were sparse. With respect to the two witnesses at issue, those disclosures stated that Mr. Jimenez could "attest to the events and allegations contained in Plaintiff's Amended Complaint" and that Mr. Charo could "attest to Plaintiff's work performance, customer service and the allegations contained in Plaintiff's Amended Complaint." Plaintiff notes that the disclosures were made early in the case and that his knowledge of the specific subjects of their testimony was limited at that time. Understandable though that may be, Plaintiff's failure to supplement those responses over time, as the case progressed and his witness list narrowed from more than two dozen to only four, is somewhat troubling.

Nevertheless, Plaintiff ultimately did supplement his disclosures (DE 118), providing additional information as to the subjects on which both Mr. Jimenez and Mr. Charo have knowledge and would be expected to testify. In sum, both potential witnesses would testify to (i) alleged slurs, comments, and discriminatory actions at the AutoZone store that they personally observed, (ii) their familiarity with the AutoZone store, personnel, and work environment generally, and (iii) their familiarity with Plaintiff, his work performance, and his demeanor. In addition, Mr. Jimenez would testify to his familiarity with AutoZone policies, procedures, and practices regarding employee complaints, investigative processes, and decision making.

In view of these additional disclosures, and taking into account the totality of the circumstances of the case, the Court concludes that barring either witness on the basis of inadequate Rule 26 disclosures would be too drastic a measure. However, in fairness to Defendants, the testimony of Mr. Jimenez and Mr. Charo, if they are called to testify, will be limited to (i) relevant matters that are (ii) within the personal knowledge of the witnesses and that (iii) pertain to the events and allegations contained in Plaintiff's Amended Complaint. Given those limitations, which coincide almost precisely with the scope of the subjects that have been identified as within the witnesses' knowledge, any deficiency in the substance or timeliness of Plaintiff's disclosures is harmless. See *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); Fed. R. Civ. P. 37(c)(1).

Defendants note that Plaintiff testified in his deposition that he did not believe that any former customer, which would include Mr. Charo, witnessed any of the alleged discrimination or harassment. See Ex. 4 to Defendants First Motion *in Limine*, at 357. In light of that testimony and Fed. R. Evid. 602 and 701, which limit lay witness testimony to matters within the personal knowledge of the witness, Plaintiff is cautioned that Mr. Charo will not be permitted to testify to

matters outside of his personal knowledge or to matters that are beyond the scope of permissible testimony noted in the preceding paragraph. The Court further observes that testimony concerning Plaintiff's work performance vis-à-vis customers like Mr. Charo would appear to be of marginal relevance, at best, because it is undisputed that Plaintiff was not discharged for poor customer service or poor work performance.

Dated: April 21, 2008

                                              Robert M. Dow, Jr.
                                              United States District Judge