UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOUSTAFA EL-BAKLY | ) | |
| | ) | |
| Plaintiff, | ) | No. 04CV 02767 |
| | ) | |
| v. | ) | Hon. R. Dow |
| | ) | |
| AUTOZONE, Inc., a Nevada Corporation, Rob Harris, Juan Gutierrez, and Chris Ramos, | ) ) ) ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT
OF MOTION FOR JUDGMENT AS A MATTER OF LAW**

**NOW INTO COURT,** through undersigned counsel, come AutoZone, Inc. ("AutoZone"), Rob Harris, Juan Gutierrez, and Chris Ramos (collectively, "Defendants"), and respectfully submit this motion and memorandum in support of its Judgment as a Matter of Law.[1]

**I.      Standard**

Judgment as a matter of law is proper "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.Pro. 50. The 1991 comments to this rule state that the court has a "duty to enter judgment as a matter of law at any time during the trial as soon as it is apparent that either party is unable to carry a burden of proof that is

---

[1] The Court denied the oral motion made by Defendants' counsel without prejudice and invited briefs; thus, Defendants submit this Motion and Memorandum in Support of its Judgment as a Matter of Law.

essential to that part's case. . . . Early action is appropriate when economy and expedition will be served."

The Court need not make any decisions based on credibility. Based on the evidence presented by Plaintiff, and the law, he has failed to establish a legally sufficient basis to find for him on any of the claims at issue in this trial.

## II. Plaintiff failed to present a legally sufficient evidentiary basis on any of his claims.

### a. Discrimination

Plaintiff asserts this claim only against AutoZone. To establish his *prima facie* case of discrimination based on his religion or national origin, Plaintiff would have to establish each of the following elements: (1) he belongs to a protected class; (2) his performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated individuals not in his protected class received more favorable treatment. *Brummett v. Lee Enters, Inc.*, 284 F.3d 742, 745 (7th Cir. 2002). Plaintiff failed to produce evidence to support the third and fourth elements of this claim.

First, other than his discharge, Plaintiff has failed to prove the existence of any adverse employment action. The 7th Circuit requires that an adverse employment action involves an economic injury and/or must materially alter the terms and conditions of employment. *Markiel v. Bd. Of Regents of Univ. of Wis. Sys.*, 276 F.3d 906, 911 (7th Cir. 2002); *Stauler v. Ill. Dept. of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001). Although Plaintiff claimed to have been "demoted" from a commercial specialist to a commercial driver, he testified that his pay was NOT reduced. Moreover, he testified that his duties did not change. Thus, other than his discharge, he failed to produce legally sufficient evidence of any adverse employment action.

With respect to his discharge, Plaintiff failed to identify any non-Egyptian and/or non-Muslim who was suspected of drug use (based on a baggie being found in his truck and a statement he made to two managers regarding driving while "high") and received more favorable treatment. Thus, Plaintiff failed to meet his *prima facie* burden.

Even had Plaintiff met his *prima facie* burden, he failed to prove AutoZone's articulated, legitimate, non-discriminatory reason for his termination, loss of confidence, was a pretext for intentional discrimination based on his religion or national origin. *Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 574 (7th Cir. 2003); *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520 (7th Cir. 2003). First, it has been stipulated that Mr. Merchant, the Regional Manager, was the individual that decided to terminate Mr. El Bakly. Plaintiff failed to present evidence that Mr. Merchant even knew what his religion or national origin were, let alone terminated him due to these factors. Moreover, Plaintiff failed to present any evidence to suggest any discriminatory motive. Indeed, he failed to present evidence that he was replaced by someone outside of his protected class. Accordingly, no reasonable factfinder could find for Plaintiff on his discrimination claim, and judgment of a matter of law is proper.

    b. Retaliation

Plaintiff asserts this claim against AutoZone. To establish his relation claim, Plaintiff would have had to produce evidence that: (1) after lodging a complaint about discrimination, (2) only he, and not any otherwise similarly situated employee who did not complain, was (3) subjected to an adverse employment action even though (4) he was performing his job in a satisfactory manner. *Stone v. city of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 642 (7th Cir. 2002). Again, Plaintiff failed to produce any evidence that a similarly situated individual, who did not lodge a complaint, received more favorable treatment. Moreover, Plaintiff made his

complaint in February of 2004 and was not terminated until June of 2004. As a matter of law, such a lengthy time period would negate any inference of a causal link between his complaint and his later discharge. *Richmond v. Oneok, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (**3-month lag** insufficient for retaliation claim under FLSA); *Wascura v. City of South Miami*, 257 F.2d 1238, 1247 (11th Cir. 2001) (**three and one-half month** gap between protected activity and adverse employment action was insufficient to establish the causal connection); *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (11th Cir. 1997) (**four months** insufficient to establish inference of causation). Most importantly, Plaintiff testified he has no evidence that he was fired due to his complaint of discrimination. Accordingly, judgment as a matter of law is appropriate on this claim as well.

   c. Hostile Work Environment

Plaintiff asserts this claim against AutoZone. Title VII provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of an individual's . . . national origin or religion." 42 U.S.C. § 2000e-2(a)(1).

While an employer is vicariously liable "for an actionable hostile environment created by a supervisor with immediate . . . authority over the employee . . . the Supreme Court has established an affirmative defense to vicarious liability: When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. . . . The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm

otherwise." *Ellerth*, 524 U.S. at 765, 118 S.Ct. 2257; *Faragher*, 524 U.S. at 807-08, 118 S.Ct. 2275.

Finally, with respect to the final prong, the employee's unreasonable failure to take advantage of preventive or corrective opportunities, "[w]hile proof that an employee failed to fulfill the . . . obligation of reasonable care to avoid harm is not limited to showing any unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under [this] element of the defense." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faraghe v.City of Boca Ratonr*, 524 U.S. 775, 807-08 (1998).

First, Mr. El Bakly failed to establish that the harassment was severe or pervasive so as to alter the conditions of his environment. To be actionable, a plaintiff must show that the alleged conduct was both objectively and subjectively severe or pervasive. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). Mr. El Bakly testified he was able to do his job well throughout his employment. Such testimony undermines his ability to meet the subjective element. *Jones v. Winn-Dixie Stores, Inc.*, 75 F. Supp.2d 1357, 1367 (S. D. Fla. 1999) (recognizing that an employee's testimony that he was able to do his job belied any argument that he found his work environment to be hostile).

Moreover, Plaintiff testified he knew that AutoZone had policies in place designed to prevent and correct harassment, and yet he waited one or two years to make any report of alleged harassment. He admitted that within a week or so of his complaint, all harassment **stopped**. Thus, AutoZone established both prongs of the affirmative defense, and there is no legally sufficient basis to find in Plaintiff's favor on this claim. *Shaw v. AutoZone*, 180 F.3d 806, 812-13 (7th Cir. 1999).

d. Defamation

Plaintiff asserts this claim against all Defendants. In the Pretrial Order, Plaintiff states that this claim, as well as his intentional infliction of emotional distress claim, is based on his allegation that the individual defendants publicly accused him of using and/or possessing narcotics without any corroboration. However, Plaintiff failed to establish any public accusation. On his case in chief, Plaintiff failed to call even ONE witness to testify that he or she heard such a comment. Therefore, he completely failed to satisfy the publication element. Moreover, Plaintiff stipulated that the qualified privilege extends to any allegedly defamatory statements. Plaintiff did not establish that any defendant acted with actual malice. Accordingly, he failed to present evidence to establish the elements of this claim.

e. Intentional Infliction of Emotional Distress

Plaintiff asserts this claim against the individual defendants only. Plaintiff failed to establish the first element of this claim - - extreme and outrageous conduct. Such conduct is defined as conduct "which would cause the average member of the community to react immediately in outrage." *Thomas v. Fuerst*, 803 N.E. 2d 619 (Ill. App.3d 2004). Given that Plaintiff waited at least a year to report alleged harassment, he cannot show that an average member of the community would react "immediately" in outrage. Moreover, in the employment context, "most conduct by an employer that falls short of attempted coercion into a crime or sexual misconduct, even if such conduct is illegal, falls short of outrageous behavior." *Fang v. Village of Roselle*, 1996 WL 386556 (N.D. Ill. Jul. 5, 1996) (attached).

Similarly, Plaintiff failed to establish the second element of this claim - - that a defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so. Finally, Plaintiff failed to establish that any defendant's conduct

caused him severe emotional distress. Under Illinois law, "distress must be so severe that no reasonable person could endure it." *Thomas*, 803 N.E. 2d 619. Again, given that Plaintiff did not report any alleged harassment until February of 2004 (and admits it stopped right after he reported it), he cannot prove that he suffered severe distress.

### III. In the alternative, there is no legally sufficient evidentiary basis for any damages.

To establish a basis for punitive damages on his Title VII clams or his defamation claim, Plaintiff would have had to establish that Defendants acted with malice or in reckless disregard of his rights. Plaintiff failed to produce any evidence of this. To the contrary, he admitted that AutoZone promulgated policies designed to prevent and correct harassment and that once he availed himself of these policies, the harassment stopped. He failed to produce that any Defendant acted with malice towards him. Accordingly, judgment as a matter of law should be granted on this issue as well.

### IV. Conclusion

For the foregoing reasons, the Court should granted judgment as a matter of law on all of Plaintiff's claims.

Respectfully submitted,

/s/ Laurie M. Chess
**LAURIE M. CHESS (FL Bar # 657751)**
**JONES, WALKER WAECHTER,**
**POITEVENT, CARRERE & DENEGRE, L.L.P.**
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
Email: lchess@joneswalker.com

And

**ROBERT B. WORLEY (LA Bar #17212)**
**JONES, WALKER, WAECHTER,**
**POITEVENT, CARRERE & DENEGRE, L.L.P.**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8192
Facsimile: (504) 589-8192
Email: rworley@joneswalker.com

And

Mary K. Cryar
H. Patrick Morris
Johnson & Bell, Ltd.
55 East Monroe Street
Suite 4100
Chicago, Illinois 60603
(312) 372-0770

**ATTORNEYS FOR DEFENDANTS, AUTOZONE, INC., ROB HARRIS, JUAN GUTIERREZ AND CHRIS RAMOS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Motion and Memorandum in Support of Motion for Judgment as a Matter of Law was filed electronically this 23rd day of April, 2008. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

> Luis A. Oviedo
> Oviedo Burgos Associates, LLC
> 717 S. Aberdeen, Suite 200
> Chicago, IL 60607

> /s/ Laurie M. Chess
> LAURIE M. CHESS (FL Bar # 657751)