UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOUSTAFA EL-BAKLY | ) | |
| | ) | |
| Plaintiff, | ) | No. 04CV 02767 |
| | ) | |
| v. | ) | Hon. R. Dow |
| | ) | |
| AUTOZONE, Inc., a Nevada Corporation | ) | |
| Rob Harris, Juan Gutierrez, and | ) | |
| Chris Ramos | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RENEWED MOTION AND MEMORANDUM IN SUPPORT
OF MOTION FOR JUDGMENT AS A MATTER OF LAW AND, IN THE
ALTERNATIVE, MOTION FOR NEW TRIAL**

**NOW INTO COURT,** through undersigned counsel, come AutoZone, Inc. ("AutoZone"), Rob Harris, Juan Gutierrez, and Chris Ramos (collectively, "Defendants"), and respectfully submit this Renewed Motion for Judgment as a Matter of Law.[1]

**I.  Background**

On April 22, 2008, at the close of Plaintiff's case-in-chief, Defendants moved for judgment as a matter of law ("JMOL") pursuant to Fed.R.Civ.Pro. 50(a), and submitted a memorandum in support on April 23, 2008. [Docket No. 136]. This Court took Defendants' motion under submission and allowed the case to proceed to verdict.

On April 24, 2008, the jury returned a verdict AGAINST Plaintiff on all of the following claims: (1) defamation and intentional infliction of emotional distress by Rob Harris; (2) defamation and intentional infliction of emotional distress by Chris Ramos; (3) defamation and

---

[1] In the alternative to its Renewed Judgment as a Matter of Law, pursuant to Fed.R.Civ.Pro. 59, Defendants also move for a new trial on Plaintiff's claims of co-worker harassment and punitive damages.

{M0026305.1}                                       1

intentional infliction of emotional distress by Juan Gutierrez; (4) defamation by AutoZone; (5) discrimination by AutoZone; (6) retaliation by AutoZone; and (6) a hostile work environment by supervisors of AutoZone.  The jury found in Plaintiff's favor on one single claim - - a hostile work environment by some unidentified co-workers. The jury decided Plaintiff was not entitled to any compensatory damages on this claim.  However, the jury awarded Plaintiff $8,000 in punitive damages.

## II. Defendants Are Entitled to Judgment As a Matter of Law

As the jury returned a verdict in the Defendants' favor on all but one claim, co-worker harassment, Defendants will focus this Renewed Motion for Judgment as a Matter of Law on the co-worker harassment claim as well as Plaintiff's claim for punitive damages.  Defendants will address Plaintiff's other claims in its contemporaneously filed Opposition to Plaintiff's untimely Motion for Judgment as a Matter of Law ("Plaintiff's Motion"). [Docket No. 142].

### A. There Is No Legally Sufficient Evidence to Support Plaintiff's Co-Worker Harassment Claim

Judgment as a matter of law is proper "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."   Fed.R.Civ.Pro. 50.

The reason Defendants objected to the giving of Jury Instruction No. 19, "Harassment by Co-Employee (Hostile Work Environment)" is that Plaintiff **never** has identified any co-workers who allegedly harassed him.  Rather, Plaintiff has consistently claimed that he was harassed by the very **supervisors** whom he sued, Mr. Harris, Mr. Ramos and Mr. Gutierrez.  In his EEOC charge (Plaintiff Exh. 1), Plaintiff swore under oath that he was "harassed and insulted by my various **managers** . . . on the basis of my race, national origin, and/or religion."  (attached for the Court's convenience as Exhibit 1) (emphasis added).  In his EEOC charge, Plaintiff identified

those managers as the three individuals whom he sued in this litigation (Mr. Harris, Mr. Ramos, and Mr. Gutierrez), as well as Bob Navarro and Ricardo Maldonado. As Plaintiff failed to identify any co-worker harassment in his EEOC charge, he failed to exhaust administrative remedies on this claim, and the Court lacks jurisdiction over that claim. *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1035-36 (7th Cir. 2004) (affirming district court's decision that employee failed to exhaust her administrative remedies over a hostile work environment claim because the employee failed to allege specific evidence concerning this claim and agreeing with the district court that employee was, therefore, barred from pursuing such a claim). Accordingly, judgment as a matter of law on this claim is appropriate.

Even if the Court had jurisdiction over such a claim of co-worker harassment, Plaintiff failed to establish all of the elements of such a claim, namely: (1) that he was subjected to unwelcome harassment; (2) that the harassment was based on his religion or national origin; (3) that the harassment was severe or pervasive enough to alter the conditions of his employment and create an abusive working environment (both from the standpoint of a reasonable person and from his own perspective); **and** (4) that his employer knew or should have known about the harassment and failed to act. *Fuller v. Caterpillar, Inc.*, 124 F. Supp. 2d 610, 614 (N.D. Ill. 2000), *accord*, *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21-22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). These are conjunctive elements; therefore, Plaintiff must prove **each** element by a preponderance of the evidence or else judgment must be for AutoZone. *Fuller*, 124 F. Supp.2d at 614.

Plaintiff failed to establish **any** of these four elements, let alone all of them. First, Plaintiff failed to offer any evidence that he was subjected to unwelcome harassment by a co-worker. Plaintiff not only failed to identify any co-worker who harassed him in his EEOC

Charge, in his Amended Complaint, in the Pretrial Order, and in his trial testimony (excerpts from Plaintiff's trial testimony attached as Exhibit 2, part I[2], pp. 15-16, 24-26, 30-33), but also Plaintiff failed to identify in his own Motion even ONE **non**-managerial employee who allegedly harassed him. Plaintiff's sole witness, Jose Jimenez, similarly failed to identify any specific co-worker who harassed Plaintiff. Mr. Jimenez testified only that he heard isolated comments about Al Quaeda when there was a news report on television. (Excerpts from Mr. Jimenez's trial testimony attached as Exhibit 3, pp. 112-113). Mr. Jimenez testified that he does not know when after the Iraq War these alleged comments were made[3], **by whom they were made**, or how often they were made. (Jimenez trial testimony, pp. 112-114). In fact, Mr. Jimenez conceded that he only worked at the Franklin Park AutoZone store with Plaintiff until the fall of 2003 and only worked there two or three days per week. (Jimenez trial testimony, pp. 107-08, 114). Significantly, Mr. Jimenez was not even able to say whether these comments were ever directed at Plaintiff. (Jimenez trial testimony, p. 113).

Accordingly, Plaintiff failed to offer any evidence concerning the second and third elements of his claim - - that any unwelcome comments were made **due to** Plaintiff's national origin/religion or that the comments were severe or pervasive and that an objectively reasonable person would view his work environment as hostile. *Green v. Illinois Department of Children and Family Services*, 439 F. Supp. 2d 841, 853-54 (N.D. Ill. 2006) (conclusory statements not grounded in specific facts were insufficient to demonstrate that the work environment was objectively hostile because there was no way to determine the frequency of the claimed harassing

---

[2] "Part I" refers to Plaintiff's trial testimony on April 21, 2008, and "Part II" refers to Plaintiff's trial testimony on April 22, 2008.

[3] Plaintiff testified that the harassment began after the start of the Iraq War in March of 2003. (Plaintiff's trial testimony, Part I, p. 15).

conduct, its severity, whether it was physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with the employee's work performance).

Plaintiff also did not prove the subjective prong of the third element because Plaintiff testified that he was able to do his job well throughout his employment.[4] (Plaintiff's trial testimony, Part II, p. 70). *Singh v. Town of Mount Pleasant*, 172 Fed. Appx. 675, 681 (7th Cir. 2006) (agreeing with the district court that when employee failed to present evidence that alleged harassing comments interfered with her work performance or were physically threatening or humiliating, "this failure alone defeats a *prima facie* case for hostile work environment"); *Jones v. Winn-Dixie Stores, Inc.*, 75 F. Supp.2d 1357, 1367 (S. D. Fla. 1999) (recognizing that an employee's testimony that he was able to do his job belied any argument that he found his work environment to be hostile). If his job performance was not affected by the alleged harassment, then Plaintiff has no business asserting this claim in federal court.

Finally, Plaintiff failed to establish any basis for holding AutoZone liable for the alleged acts of unnamed co-workers. The law in the Seventh Circuit is well-settled - - an employer can be held liable for a "co-employee's harassment only [if it had] been negligent either in discovering or remedying the harassment." *Parkins*, 163 F.3d at 1032 (citation and quotation omitted). Therefore, "[a]n employer's legal duty in co-employee harassment cases [is] discharged if it takes reasonable steps to discovery and rectify acts of sexual harassment of its employees." *Id.* While a plaintiff does not "have a legal duty to cooperate with the employer's investigation[,] . . . the reasonableness of the employer's attempts to rectify harassment is measured against how much it knows or should have known." *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1014-15 (7th Cir. 1997).

---

[4] Plaintiff states that "Defendant . . . does not identify which job task or which job role" Plaintiff performed his job well. Plaintiff's Motion, p. 11. Plaintiff testified he performed his job well throughout his entire employment, so Plaintiff's assertion in his Motion is irrelevant.

Plaintiff testified that upon being hired, he learned of the company's policies designed to correct and prevent harassment upon his hire. (Plaintiff's trial testimony, Part II, pp. 55-58). Yet, Plaintiff admitted that he made only one report of harassment, and that was in February of **2004** to Mr. Bush. (Plaintiff trial testimony, Part II, pp. 60, 62-65). Plaintiff claims Defendant had knowledge of harassment in June of 2003 when District Manager, Jose Gomez, allegedly heard a slur by Mr. Ramos. First, both Mr. Gomez and Mr. Ramos testified that there was **no** such incident in which Mr. Gomez heard Mr. Ramos utter such a slur. Second, and more importantly, Mr. Ramos was Plaintiff's **supervisor**, so this issue would go to Plaintiff's claim of supervisory harassment - - a claim which the jury returned a verdict in **AutoZone's** favor.

After Plaintiff finally complained of any misconduct, Mr. Bush and Plaintiff testified that, Mr. Bush began an investigation immediately. (Plaintiff trial testimony, Part II, p. 65). Mr. Bush testified that two days after Plaintiff's report, as a matter of protocol, he instructed that the entire store be retrained on the company's harassment and discrimination policies. Finally, Plaintiff testified that within one week of his report, **all harassment stopped**. (Plaintiff trial testimony, Part II, pp. 68-69). Indeed, in his Motion, Plaintiff concedes the harassment stopped for good in February of 2004. Plaintiff's Motion, p. 2. Mr. Bush conducted his investigation and ended the harassment even though Plaintiff failed to cooperate in the investigation by refusing to give a statement. Plaintiff never again reported any harassment after February of 2004. (Plaintiff trial testimony, Part II, pp. 64-69). Under such circumstances, no reasonable jury could have a legally sufficient evidentiary basis to find for Plaintiff on this claim. *Fuller*, 124 F. Supp. 2d at 616-17 (as a matter of law, the plaintiff could not establish that the employer knew or should have known of any alleged harassment because (1) the employee finally reported the harassment, but did not identify the harassers; (2) the company immediately investigated the allegations after

receiving the report; and (3) the employee never again reported any harassment). *See also*, *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 977-78 (7th Cir. 2004) (employer could not be liable for alleged harassment of co-workers when the company promptly investigated the employee's complaint, and the employee failed to allege further harassment in her remaining days at the company).

Accordingly, based on the evidence presented, there is no legally sufficient evidence to support a finding of liability against AutoZone on Plaintiff's claim of co-worker harassment.

**B.     There is No Legally Sufficient Evidence To Support a Punitive Damages Award**

To establish that punitive damages are appropriate, Plaintiff would have to prove that: (1) the employer acted with knowledge that its actions may have violated the law, and (2) the employees who discriminated against him were managerial agents acting within the scope of their employment. *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 858 (7th Cir. 2001). Even if a plaintiff can make that showing, the employer is not liable if it can show that it engaged in good faith efforts to implement an anti-discrimination policy. *Bruso*, 239 F.3d at 858.

Plaintiff did not introduce any evidence that the company knew its actions may have violated federal law; therefore, he failed to establish the first prong. With respect to the second prong Plaintiff failed to establish that any **manager** discriminated against him. In fact, the jury correctly rejected each and every one of Plaintiff's claims against his supervisors, who were individual defendants, Mr. Harris, Mr. Ramos, and Mr. Gutierrez, as well as any harassment by any supervisor. Therefore, he failed to prove that any manager committed any unlawful act towards him. As Plaintiff failed to establish the elements of his punitive damages claim, no punitive damages should have been awarded.

Even had Plaintiff met his burden, which he did not, AutoZone could avoid liability by showing that it engaged in good faith efforts to implement an anti-discrimination policy. The Northern District of Illinois already has recognized that "[g]ood faith efforts, by an employer, such as the existence of policies against discrimination and the posting of such policies, **shield an employer from punitive damages claims**." *Washington v. DeYoung*, 2004 WL 1718448, *7 (N.D. Ill. Jul. 29, 2004) (emphasis added), *accord, Fuller v. Caterpillar, Inc.*, 124 F. Supp. 2d 610, 618 (N.D. Ill. 2000).

In *Washington*, it was undisputed that the company had a policy forbidding race discrimination, that the policy was posted in the store and that the employees were trained on the policy. On these facts, the court held that, as a matter of law, punitive damages were **not** appropriate because the company had engaged in good faith efforts to comply with the discrimination laws.

In *Fuller*, the employer also had a policy against harassment that was contained in handbooks and was provided to employees during training. Upon receipt of the employee's complaint, the company took steps to try to correct the harassment. The court held that such efforts constituted good faith, as a matter of law, and therefore, the company could **not** be held liable for co-worker harassment. *Id.* at 618.

Just as the employers in *Washington* and *Fuller* established the affirmative defense, as has AutoZone in the instant action. It is undisputed that AutoZone published and implemented a policy designed to prevent and correct discrimination. This policy was published in its handbook (D. Exh. 53, attached as Exhibit 4), its diversity mission statement (**signed by Plaintiff**, D. Exh. 7, attached as Exhibit 5) and a poster in the store (D. Exh. 54, attached as Exhibit 6). Moreover, Mr. Bush explained that in addition to training employees when they are hired, AutoZone

provides employees with a "refresher" course any time an allegation of harassment or discrimination is made. All employees in the Franklin Park store, including Plaintiff, were re-trained on these policies and procedures in February of 2004. (D. Exh. 67-96). Moreover, as testified to by both Mr. Bush and Plaintiff, upon receiving Plaintiff's complaint of alleged harassment, Mr. Bush immediately began an investigation and interviewed all people whom Plaintiff had accused of misconduct. Based on the undisputed facts and the law of the Seventh Circuit, there is no legally sufficient evidence on which to base an award of punitive damages.

**IV      Conclusion**

For the foregoing reasons as well as the reasons set forth in its original Motion for Judgment as a Matter of Law, Defendants' Judgment as a Matter of Law should be granted with respect to Plaintiff's claims of co-worker harassment and punitive damages. In the alternative, AutoZone seeks a new trial on these claims.

Respectfully submitted,

/s/ Laurie M. Chess
**LAURIE M. CHESS (FL Bar # 657751)**
**JONES, WALKER WAECHTER,**
**POITEVENT, CARRERE & DENEGRE, L.L.P.**
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone:  (305) 679-5728
Facsimile:  (305) 679-5710
Email: lchess@joneswalker.com

And

**ROBERT B. WORLEY (LA Bar #17212)**
**JONES, WALKER, WAECHTER,**
**POITEVENT, CARRERE & DENEGRE, L.L.P.**
201 St. Charles Avenue, 47th Floor

New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8192
Facsimile: (504) 589-8192
Email: rworley@joneswalker.com

And

Mary K. Cryar
H. Patrick Morris
Johnson & Bell, Ltd.
55 East Monroe Street
Suite 4100
Chicago, Illinois 60603
(312) 372-0770

**ATTORNEYS FOR DEFENDANTS, AUTOZONE, INC., ROB HARRIS, JUAN GUTIERREZ AND CHRIS RAMOS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Renewed Motion and Memorandum in Support of Motion for Judgment as a Matter of Law and, in the Alternative, Motion for New Trial was filed electronically this 8th day of May, 2008. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

> Luis A. Oviedo
> Oviedo Burgos Associates, LLC
> 717 S. Aberdeen, Suite 200
> Chicago, IL 60607

> /s/ Laurie M. Chess
> LAURIE M. CHESS (FL Bar # 657751)